

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 13, 1993

Honorable O. H. "Ike" Harris
Chairman
Jurisprudence Committee
Texas State Senate
P.O. Box 12068, Office 128-C
Austin, Texas 78711

Opinion No. DM-215

Re: Interpretation of article 21.24-1, section 4(c) of the Insurance Code relating to assignment of health insurance benefits and waiver of deductibles or copayments (RQ-353)

Dear Senator Harris:

Section 4, subsection (c) of article 21.24-1 of the Insurance Code provides:

> The payment of benefits under an assignment does not relieve the covered person of any contractual responsibility for the payment of deductibles and copayments. *A physician or other health care provider may not waive copayments or deductibles by acceptance of an assignment.* [Emphasis added.]

You ask whether the effect of the second sentence of section 4(c) is to prohibit a physician's or other health care provider's waiving a copayment or deductible in any instance in which there is an assignment of benefits. We conclude that the language in question generally operates only to clarify that acceptance of an assignment does not relieve a health care provider of any obligations incumbent on him to bill for or collect a copayment or deductible amount.

We arrive at this construction of the section 4(c) prohibition regarding a health care provider's waiver of a copayment or deductible on the basis of its context. Insurance Code article 21.24-1, added in 1991, contains several provisions that clarify the legal rights and obligations arising among the various parties affected by an assignment of benefits from an insured to a health care provider. For example, section 3(a) clarifies the right of an insured to assign insurance benefits to a health care provider: It provides that a health insurance policy may not contain language that would prohibit or restrict the written assignment of benefits by a "covered person"--*i.e.*, an insured--to a health care provider who furnishes health care services covered by the policy. Acts 1991, 72d Leg., ch. 242, § 11.87(a). Another provision of article 21.24-1, section 4(a) defines how payment of proceeds is to be made once a written assignment is made by a covered person and delivered to or obtained by the insurer. It provides that "the benefit payment shall be made directly to the physician or other health care provider." Ins. Code art. 21.24-1, § 4(a); *see also* §§ 1 (definitions of, *inter alia*, "covered person," "health care provider,"

"health care service," "health insurance policy," and "insurer"), 2 (application of article to employee benefit plans, and to Texas Employees Uniform Group Insurance Benefits Act and the Texas State College and University Employees Uniform Insurance Benefits Act).

Section 3(b) provides that the article does not create benefits not available under a particular health insurance policy; that it does not allow the assignment of benefits to recipients or providers of services not covered by a policy or not legally entitled to receive such direct payment; and that it does not prohibit an insurer's verification that the services were provided. Section 4(b) provides that where the insurer pays the provider directly under an assignment, the insurer is relieved of the obligation to pay the benefits in question to the covered person.

All of the previously discussed provisions serve to define the rights and obligations of the various parties affected by the assignment of benefits. We read the second sentence of section 4(c) as having a similar purpose. Just as the first sentence of section 4(c) clarifies the obligations of a covered person once he or she makes an assignment of benefits, the second sentence of that section makes a similar provision with respect to the health care provider, *i.e.*, that an assignment of benefits by an insured does not relieve the physician or health care provider who receives the benefits from any contractual responsibility regarding billing or collecting copayments or deductibles. Such a reading of the second sentence of section 4(c) comports with the clarificatory tenor of the other provisions of section 4 and of section 3(b) of article 21.24-1.

We therefore conclude that the second sentence of section 4(c) is intended to clarify that the acceptance of an assignment of benefits does not relieve the provider of any obligations regarding billing for or collecting a copayment or deductible. What a health care provider must do to satisfy any contractual obligations in this regard is not addressed by section 4 and is beyond the scope of this opinion. Such obligations may be created by the insurance policy assigned, or perhaps by other applicable law. We do caution, however, that a health care provider would be ill advised to represent to a client or prospective client that a deductible or copayment will be waived in order to induce that individual to use the health care provider's services. *See generally Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 702 (7th Cir. 1991) (in order to receive payments under insurance plan in question, which required copayments, provider must collect copayments "or at least leave the patient legally responsible for them"); Attorney General Opinion JM-1154 (1990) (waiver of insurance deductible under section 27.02 of the Business and Commerce Code); 49 A.L.R. 4th 1219 *et seq.*, and authorities cited there (health provider's agreement as to patient's copayment liability after award by professional service insurer as unfair trade practice).

# S U M M A R Y

Section 4(c) of article 21.24-1 of the Insurance Code clarifies that a health care provider who accepts an assignment of benefits is not relieved of any obligations regarding billing for or collecting a copayment or deductible. What a health care provider must do to satisfy any contractual obligations in this regard is not addressed by section 4 and is beyond the scope of this opinion. We caution, however, that a health care provider would be ill advised to represent to a client or prospective client that a deductible or copayment will be waived in order to induce that individual to use the health care provider's services.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General